Filed 4/3/25  P. v. Buckley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099962 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2019-0007197) |
| v. | |
| MAURICE BUCKLEY, | |
| Defendant and Appellant. | |

Defendant Maurice Buckley appeals from the trial court's denial of his Penal Code[1] section 1172.6 petition.  He contends the court erred in denying his petition at the prima facie stage because he pled no contest to manslaughter to avoid prosecution for murder based on a theory of imputed malice.  He further argues there was insufficient evidence to support the weapon enhancement he admitted to.  Finding no merit to these contentions, we affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## FACTUAL BACKGROUND

On May 28, 2019, the People charged Buckley with murder (§ 187, subd. (a)), second degree robbery (§ 211), vehicular manslaughter (§ 192, subd. (c)(1)), and hit and run driving resulting in death (Veh. Code, § 20001, subd. (a)). As to the vehicular manslaughter count, the People alleged that Buckley fled the scene of the crime in violation of Vehicle Code section 20001, subdivision (c).

On December 14, 2020, Buckley pled no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted that he used a "non-firearm" weapon under section 12022, subdivision (a). The prosecutor stated the following factual basis at the plea hearing: "On October 1st, 2018 in San Joaquin County, in the city of Stockton, the defendant took money . . . from the victim's vehicle. The defendant ran into his vehicle, got into his car and started driving away. . . . [¶] . . . [¶] . . . While driving his vehicle away from the location, the victim got on top of the vehicle and was carried away on the car. As the defendant was fleeing in the car with the victim on top of the vehicle, the victim fell off the defendant's car. The car that was following the defendant's car ran into the victim, killing him." The trial court asked defense counsel if she concurred in the factual basis. Defense counsel responded: "Your Honor, we agree that on or about October 1st, 2018, in the city of Stockton, in the county of San Joaquin, that Mr. Buckley did, during a sudden quarrel, cause the unlawful killing of another human being without malice." The court then asked defense counsel, "And with the use of a non-firearm weapon?" Defense counsel replied, "With the use of a non-firearm weapon." The trial court sentenced Buckley to six years (the middle term) for voluntary manslaughter and one year for the weapon enhancement.

In 2023, Buckley petitioned for resentencing pursuant to section 1172.6. The trial court denied the petition at the prima facie stage for two reasons. First, the court explained, Buckley was charged in 2019 and was convicted long after the law on murder

2

liability had been changed. Second, Buckley was "prosecuted as the actual killer, and that was the stipulation at the time of the plea."

Buckley timely appealed.

## DISCUSSION

Buckley first argues the trial court erred in denying his section 1172.6 petition at the prima facie stage. He argues that, because he pled no contest to manslaughter to avoid being prosecuted on the murder charge, he is eligible for relief. We disagree.

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189 to significantly limit the scope of the felony-murder rule and eliminate second degree murder liability predicated on the natural and probable consequences doctrine. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 587; *People v. Strong* (2022) 13 Cal.5th 698, 707-708 & fn. 1.) Senate Bill 1437 also created "a special procedural mechanism for those convicted under the former law to seek retroactive relief," codified at former section 1170.95 (now § 1172.6). (*Strong*, at p. 708.)

Then, effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) expanded the categories of offenders eligible to petition for resentencing to include those convicted of attempted murder and manslaughter. The Legislature recognized that "a petitioner may have pled guilty or no contest to voluntary manslaughter in order to forego the risk of being convicted of murder or attempted murder under one of the[] subsequently abrogated theories of liability." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended July 6, 2021, p. 7.) Thus, one purpose of Senate Bill No. 775 was to "allow a person . . . who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine to apply to have their sentence vacated and be resentenced." (Sen. Com. on Appropriations, Rep. on Sen. Bill

3

No. 775 (2021-2022 Reg. Sess.) Feb. 19, 2021, p. 3.)

Section 1172.6 now specifies that a person convicted of manslaughter must meet the following three conditions to seek resentencing: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

Here, Buckley was ineligible for relief under section 1172.6 as he failed to satisfy the first and third conditions. The People charged Buckley with murder on May 28, 2019—months after Senate Bill 1437 had already changed murder liability under sections 188 and 189. Therefore, the complaint filed against Buckley would not have "allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)(1)), as those theories of murder liability were no longer permitted when the People charged him. (Cf. *People v. Reyes* (2023) 97 Cal.App.5th 292, 298 [holding that the defendant was ineligible for resentencing under § 1172.6, subd. (a)(1) because "when th[e] criminal proceeding was initiated [in 2020], the prosecution was precluded from proving the murder charge under a theory of imputed malice"].)

Moreover, because Buckley pled no contest to voluntary manslaughter after Senate Bill 1437 became effective, he cannot establish that he "could not presently be

4

convicted of murder or attempted murder *because of* changes to Section 188 or 189 [by Senate Bill 1437] made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added; see also *People v. Lezama*, *supra*, 101 Cal.App.5th at p. 590 [concluding that resentencing is unavailable as a matter of law under § 1172.6, subd. (a)(3) to a defendant "who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated"]; *People v. Gallegos* (2024) 105 Cal.App.5th 434, 443; cf. *People v. Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

Buckley separately argues that, if we decide to remand to the trial court to issue an order to show cause, the trial court should afford him the opportunity to argue that his section 12022, subdivision (a) enhancement is unsupported by sufficient evidence. Buckley points out that the factual basis provided he used a "non-firearm" weapon, whereas section 12022, subdivision (a) only concerns "a person who is armed with a firearm in the commission of a felony." Buckley further submits that there is insufficient evidence he used "a deadly or dangerous weapon" under section 12022, subdivision (b).

Because we have concluded that remand is not warranted, this claim is effectively moot. In any event, section 1172.6 does not permit defendants to seek relief on claims of trial error. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a [former] section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"]; *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [a defendant] cannot use it to resurrect a claim that should have been raised in his [or her] . . . direct appeal"].)

5

## DISPOSITION

The postjudgment order denying Buckley's section 1172.6 petition is affirmed.


_____/s/_____
EARL, P. J.

We concur:


_____/s/_____
DUARTE, J.


_____/s/_____
BOULWARE EURIE, J.